UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TORNESHA WILLIAMS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Civil Action No. <br> ) |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC. | ) <br> ) <br> ) |
| Defendant, | ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TORNESHA WILLIAM, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against ACCOUNTS RECEIVABLE MANAGEMENT, INC., ("Defendant"):

### INTRODUCTICN

1. This is an action for actual and statutory damages brought by plaintiff Tornesha Williams (hereinafter Tornesha), an individual consumer, against defendant Accounts Receivable Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiffs' personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Tornesha.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Tornesha Williams is a consumer, a natural person allegedly obligated to pay any debt, residing in Cobb County, in the state of Georgia.

4. Defendant, Accounts Receivable Management, Inc. is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Gloucester County at 156 Mid Atlantic Parkway, Thorofare, New Jersey 08086. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed excessive and harassing collection calls to Tornesha, displaying the intent to annoy her; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or

services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8.     Upon information and belief, Defendant began contacting Tornesha and placing collection calls to Tornesha prior to 2012.

9.     Upon information and belief, within one year from the filing of this complaint, on November 22, 2011, Defendant called Tornesha at 3:06 postmeridian, calling her five (5) times before she finally answered that call, and failed to disclose in that oral communication with Tornesha that the communication was from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose.

10.    Defendant did not verify any information to confirm in that call that Tornesha was the owner of the alleged debt, and instead gave her the account number for the alleged debt, its website of www.arm1.com, and told her to pay the $87.00 bill that she allegedly owed.

11.    Defendant's calls to Tornesha that day were while she was working, and Tornesha told Defendant during that call that such calls inconvenienced her, and told Defendant to stop calling her cell phone while she was working.

12.    Defendant proceeded to call Tornesha again three (3) more times that late afternoon and evening, after it had already communicated that day with Tornesha, at 5:18 postmeridian, 6:23 postmeridian, and 7:58 postmeridian, including while she was working, and after she had already given it reason to know she was working, and that such calls both inconvenienced her and were prohibited.

13.    Defendant called Tornesha on November 23, 2011, the very next day, and overshadowed her rights to dispute and/or seek validation of the alleged debt during a call that took place at 1:36 postmeridian.

14. Defendant called Tornesha that day at 1:20 postmeridian, 1:36 postmeridian, 1:39 postmeridian (twice) and 1:40 postmeridian (twice); Tornesha having already told Defendant to stop its harassing activities the day before.

15. Defendant argued with Tornesha over the phone on November 23, 2011, and called her back during that day after she had already hung up the phone on it; three more times.

16. During one of the conversations when Tornesha requested to speak with one of Defendant's managers, to try to stop the harassment she was enduring, Defendant's agent refused to allow her to do so.

17. Defendant utilized unfair and unconscionable means to collect on Tornesha's alleged debt, by continuing to call her while she worked after having knowledge that such calls inconvenienced her, and after having already communicated with her that day, and also by misleading her by overshadowing her rights to dispute and/or seek validation of the alleged debt.

18. Defendants repeated attempts to collect this alleged debt from Plaintiff, a person whom did not owe this alleged debt, was an invasion of Plaintiff's privacy and her right to be left alone.

19. As a result of the acts alleged above, Tornesha suffered emotional distress resulting in her feeling stressed, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff

## CLAIM FOR RELIEF

21. Tornesha repeats and realleges and incorporates by reference to the foregoing paragraphs.

22.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in an oral communication with Plaintiff that the communication was from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communication was not a formal pleading; and

(e) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(f) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

23.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Tornesha Williams for actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF

24.   Tornesha repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

27. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Tornesha, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Tornesha's privacy.

28. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Tornesha, by continuing to call her at work after she already told it that such calls inconvenienced her, and thereby invaded Tornesha's right to privacy.

29. Defendant and its agents intentionally and/or negligently caused emotional harm to Tornesha by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Tornesha's right to privacy.

30. Tornesha had a reasonable expectation of privacy in Tornesha's solitude, seclusion, private concerns and affairs.

31. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Tornesha, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

32. Defendant's acts as described above were done intentionally with the purpose of coercing Tornesha to pay the alleged debt.

33. As a result of such intrusions and invasions of privacy, Defendant is liable to Tornesha for actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff Tornesha Williams respectfully requests that judgment be entered against defendant Accounts Receivable Management, Inc. for the following:

- A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.
- B. Statutory damages pursuant to 15 U.S.C. § 1692k.
- C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
- D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff TORNESHA WILLIAMS demands trial by jury in this action.

[ELECTRONIC SIGNATURED AFFIXED ON NEXT PAGE]

This 30th day of January, 2012.

                          ALEX SIMANOVSKY & ASSOCIATES LLC

                          */s/ Alex Simanovsky*
                    Alex Simanovsky, Esq.
                    GA Bar No. 646874
                    Alex Simanovsky & Associates, LLC
                    2300 Henderson Mill Road
                    Suite 300
                    Atlanta, GA 30345
                    (770) 414-1002
                    alex@fdcpalawyeronline.com

                    *Attorney for Plaintiff*